# IN THE UNITED STATES DISTRICT COURT

## FOR THE WESTERN DISTRICT OF TEXAS

### AUSTIN DIVISION

| | | |
|---|---|---|
| **WILLIAM C. ZINGER,** | § | |
| **Petitioner,** | § | |
| | § | |
| **V.** | § | **A-07-CA-132-SS** |
| | § | |
| **NATHANIEL QUARTERMAN,** | § | |
| **Director, Texas Dept. of Criminal Justice-** | § | |
| **Correctional Institutions** | § | |
| **Division,** | § | |
| **Respondent.** | § | |

## REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

To:     The Honorable Sam Sparks, United States District Judge

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(e) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrates, as amended, effective December 1, 2002.

Before the Court is Petitioner's Application for Habeas Corpus Relief under 28 U.S.C. § 2254 (Document 1).  Petitioner, proceeding pro se, has paid the appropriate filing fee.  For the reasons set forth below, the undersigned finds that Petitioner's application for writ of habeas corpus should be dismissed.

## I.  STATEMENT OF THE CASE

**A.      Petitioner's Criminal History**

According to Petitioner, the Director has custody of him pursuant to a judgment and sentence of the 147th Judicial District Court of Travis County, Texas.  Petitioner asserts he was convicted of aggravated sexual assault of a child and was sentenced to life in prison.  His conviction was affirmed by the Third Court of Appeals on April 16, 1998.  Zinger v. State, No. 03-97-00300-CR, 1998 WL 175527 (Tex. App. – Austin 1998, pet. ref'd).  Petitioner's petition for discretionary review was denied by the Texas Court of Criminal Appeals on September 16, 1998.

Petitioner also challenged his conviction in two state applications for habeas corpus relief. Petitioner asserts he filed his first state application on September 16, 1999.  The Texas Court of Criminal Appeals denied the application without a written order on the trial court's findings without a hearing on August 16, 2000.  Ex parte Zinger, Appl. No. 32,687-02.  According to Petitioner, he filed his second state application for habeas corpus relief on December 1, 2006.  The Texas Court of Criminal Appeals dismissed the writ as an abuse the of writ on January 17, 2007.  Ex parte Zinger, Appl. No. 32,687-03.

**B.      Petitioner's Grounds for Relief**

Petitioner raises the following grounds for relief:

1.      The visiting judge with no assignment orders deprives an accused of due process as all acts are null and void ab-initio;

2.      The visiting judge without an oath of office and anti-bribery statement is disqualified by law and violates due process of law;

3.      The failure of court records to show compliance with Code of Criminal Procedure Article 30.05 violates due process of law; and

2

4.     The trial court was without subject and personal jurisdiction in violation of the Due Process Clause.

## II.  DISCUSSION AND ANALYSIS

### A.     The Antiterrorism and Effective Death Penalty Act of 1996

On April 24, 1996, the President signed into law the Antiterrorism and Effective Death Penalty Act of 1996 ["AEDPA"].[1]  The AEDPA amended 28 U.S.C. § 2244 to provide a statute of limitations for applications for habeas corpus relief filed pursuant to 28 U.S.C. § 2254.  That section provides, in relevant part:

> (d)(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of--
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

### B.     Application

Petitioner's conviction became final, at the latest, on December 15, 1998, at the conclusion of time during which he could have filed a petition for writ of certiorari with the United States Supreme Court.  See Sup. Ct. R. 13.1 ("A petition for a writ of certiorari seeking review of a

---

[1] Pub.L. No. 104-132, 110 Stat. 1214 (1996).

3

judgment of a lower state court that is subject to discretionary review by the state court of last resort is timely when it is filed with the Clerk within 90 days after entry of the order denying discretionary review.").

At the time Petitioner filed his first state application for habeas corpus relief on September 16, 1999, only 90 days remained of the one-year limitations period. The Texas Court of Criminal Appeals denied Petitioner's first state application on August 16, 2000. Petitioner did not execute his federal application for habeas corpus relief until February 20, 2007, years after the limitations period expired. Petitioner's second state application for habeas corpus relief was also filed long after the expiration of the limitations period and does not operate to toll the limitations period.

The record does not reflect that any unconstitutional state action impeded Petitioner from filing for federal habeas corpus relief prior to the end of the limitations period. Furthermore, Petitioner has not shown that he did not know the factual predicate of his claims earlier. Finally, the claims do not concern a constitutional right recognized by the Supreme Court within the last year and made retroactive to cases on collateral review.

### III.  RECOMMENDATION

It is recommended that Petitioner's application for writ of habeas corpus be dismissed as time-barred.

### IV.  OBJECTIONS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are

being made.  The District Court need not consider frivolous, conclusive, or general objections. Battles v. United States Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within ten (10) days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court.  See 28 U.S.C. § 636(b)(1)(C);  Thomas v. Arn, 474 U.S. 140, 150-153, 106 S. Ct. 466, 472-74 (1985);  Douglass v. United Servs. Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc).

To the extent that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 14th day of March, 2007.

_____

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE